# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

Richard Gordon – PRO SE Debtor
Case Number –  10 – 10896
Chapter 13

## OBJECTION TO ORDER /  APPEAL OF JUDGMENT
## MOTION TO VACATE

**"Parties appearing Pro Se are allowed greater latitude with respect to reasonableness of their legal theories (*Patterson V Aiker, 11 F.R.D. 354, 358 [N.D. GA 1986]*"**

To the extent that Debtor did not confine strictly to the rules, the court is supposed to judge the case based on its merits even if procedural errors are made. Therefore, the court must give a Pro Se Debtor, "every favorable inference arising from his Pro Se status" (*Hall v. Dworkin, 829 F. Supp. 1403, 1409(ND NY 1993).*

**FUNDAMENTAL BASIS OF ARGUMENT**

Ronald Dworkin regards law as an interpretive process under which individual rights are paramount.

Therefore, consider the following situation by Dworkin:

1. First Quotation by Dworkin

" An impatient beneficiary under a will murdered the testator. Should he be permitted to inherit?

2. Debtor's Contextual Analogy of First Quotation

Select Portfolio Servicing/Sheldon May & Associates strips away Debtor's property rights despite his legal objections and defenses. Should they be permitted to  inherit the profit by selling Debtor's property as on February 22, 2010?

The reason that the Servicers and in this Case the Lawyers are forging assignments is to use these assignments as evidence in judicial foreclosures or to support of the documentation in a foreclosure by private sale in a non-judicial foreclosure state. If the servicer was able to obtain a foreclosure on the mortgage investors behalf without ever filing the forged assignment, then they certainly wouldn't bother filing the forgery!

**ARGUMENT**

The first quotation mentioned above by Dworkin is "drawn from the New York Decision of *Riggs v. Palmer in 1899*. The will in question was validly executed and was in the murderer's favour. But whether a murderer could inherit was uncertain: the rules of testamentary succession provided no applicable exception. The murderer should therefore have a right to his inheritance. The New York Court held, however, that the application of the rules was subject to the principle that 'no person should profit from his own wrong'. Hence, a murderer could not inherit from his victim"

Debtor is a victim of Mortgage Fraud, as illustrated in the above contextual analogy, he has been injured as a result of this creditors wrongdoing.

**The Fair Debt Collection Practices Act**

The so called trustee cannot foreclose without evidence of a recorded mortgage assignment;

but since it was never executed and the originator is no longer in business, to facilitate

foreclosure the assignment was forged, backdated and recorded.


On February 17, 2010 a putative class action complaint, styled as Schneider, Kenneth, et al. vs.

Lender Processing Services, Inc., et al., was filed in the United States District Court for the

Southern District of Florida. The complaint alleges violations of the FDCPA by US Bank,

Deutsche Bank, LPS and its subsidaiary Docx LLC. Defendants are accused of:

- Making false, deceptive and misleading representations concerning their standing to sue
  the plaintiffs for foreclosure;
- Obtaining access to state and federal courts to collect on notes and foreclosure on
  mortgages under false pretenses;
- Foreclosing without the ability to obtain and record an assignment of the mortgage and
  note;


It is generally accepted that a mortgage debt and those trying to collect on it are subject to the

FDCPA. The Act applies only to debts that were incurred primarily for "personal, family or

household purposes, whether not [a debt] has been reduced to judgment. This means that the

character of the debt is determined by the use of the borrowed money and not by the type of

property used for collateral. Regardless of the type of property that is secured by the deed of

trust, if the borrower used the money to purchase a boat, jewelry, clothing or for other personal

expensed, the debt would be a consumer debt subject to the Act.

**Debt Collector Defined**

The FDCPA defines debt collector as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *15 U.S.C.A. ~1692a(6)*

Furthermore, the United States Supreme Court has held that lawyers who regularly collect consumer debts, even when their collection efforts are through litigation only, are debt collectors under FDCPA. *Heintz v. Jerkins 95 Daily Journal D.A.R. 7314 (1995)*

**Assignment Before and After Default**

Creditors who take an assignment of the debt while it is default are subject to FDCPA as debt collectors. Therefore, Select Portfolio Servicing who obtained the loan while it was in default is subject to the FDCPA as debt collectors [*Games v. Cavazas, 737 F.Supp. 1368 (D.C., Del. 1990)*]

In this case, the Assignment was prepared to conceal the actual date that the property was acquired by them. The Assignment is not dated and not notarized and said assignment was adjoined with a second page of unknown origin and filed one year after the Notice of Foreclosure; specially and fraudulently manufactured to facilitate foreclosure.
Note: these Specially Made Assignments have created havoc in the courts. In many cases, the Specially Made Assignments are dated AFTER the foreclosure action has been initiated, making it appear that they magically knew prior to the assignment that it would acquire the defaulting property several months after the foreclosure action was initiated.

In Massachusetts in October, 2009, Land Court Judge Keith Long reaffirmed a March, 2009,

ruling that a lender cannot begin foreclosure proceedings before the lender had filed and

recorded the Assignment, stating:

"The Mortgage assignment they possesed transferred nothing…a mortgage is a conveyance of

land. Nothing is conveyed unless and until it is various agreements between the securitization

entities stating that each had a right to an assignment and they are certainly not in recordable

form. *U.S. Bank National Association v. Ibanez, Massachusetts Land Court Misc. Case No.*

*384283*, consolidated with two other cases.


### The Fraud  & Relevant Facts

In objecting to the Debtors Order to Show Cause in Bronx County Supreme Court the lawyer for

the creditor stated that:

" On **December 19, 2003** a foreclosure action was commenced against the Premises by the

purchasing of an Index Number and a simultaneous filing of notice of pendency with the **City**

**Register's Office of Kings County.**

In the recent motion to remove automatic stay the lawyer for the creditor stated that:

"Due to the Debtor's default under the terms of the Note and Mortgage, foreclosure action was

commenced on the BRONX New York State Supreme Court on **December 19, 2004**.

The fact is that the document was not filed by the lawyer directly he commissioned a company

located in Rochester N.Y. to file the document and they did so in **BRONX COUNTY REGISTER**

by Mail.

Kings county or Bronx county?


This is an example of the deceptive presentations by this lawyer.

In the first instance the Debtor's in **NOT** in default.

The Debtor has not signed any document with the creditor so therefore there is NO NOTE or MORTGAGE that the Debtor is obligated to.

In the second instance the lawyer stated that the action was **commenced in 2003** in the Supreme Court Motion and now in this court the lawyer states the action **commenced in 2004.** This anomaly is purposeful and deceptive. To suggest that the foreclosure action was done properly when there was a present assignment.  The record shows that the foreclosure action commenced in 2003 and that the assignment of mortgage was filed and recorded on December 17th, 2004. The record will also show that the lawyer obtained, through deceit, a Judgment of Foreclosure in August, 2004 PRIOR to filing an Assignment of Mortgage.

**Irrefutable Facts**

1. Real Estate Financing Bureau of the New York State Office of the Attorney General is in receipt of the complaint of Mortgage Fraud; and all pertinent exhibits regarding this matter including the filing of this petition and the motion by the lawyer for the creditor and the premature judgment by this court have been submitted for review. Dated May 6th, 2010

2. The Investigation Bureau of the New York Department of State is in receipt of the complaint of Notary Fraud as it relates to the lawyer for the creditors' representation of the fraudulent Assignment of Mortgage which has been presented in motions and otherwise to the courts no less than seven times. Pursuant to Notary Fraud Law; each time the document is presented constitutes a separate count of fraud; to date there is a potential of a Seven Count Felony Indictment.

3.  The title company known as Public Abstract Corporation that was commissioned by the lawyer for the creditor to file the fraudulent Assignment has contacted the Debtor by mail and subsequent telephone communication assuring the investigation of the matter. In addition, the Corporate Consul has stated that the company did NOT manufacture the Assignment but confirmed that the document was sent to them from lawyer.

4.  The Assignment was not notarized and prepared in the manner that is consistent with the Originators format. **(Exhibit A)**

5.  The Assignment was physically reduced on copy machine to obscure the loss of resolution. A practice common in document fraud.

6.  The Assignee area of the document was "whited out" and handwritten to represent Wells Fargo Bank as Assignee. Inconsistent with the Originators exemplar; as the Originator used common type on the OFFICIAL Documents they prepared.

7.  Close examination of the so called second page that bears a notary endorsement reveals that upon enlarging the page by 25% the marks in the top of the page match the unique ***PLEASE RECORD FIRST*** stamp used by the Originator on their OFFICIAL document; proving that the copy machine was used with a blank paper to obscure the upper portion of an original First Franklin document so as to just reveal the notary area of the document. **(Exhibit B)**

8.  The signature was not that of the appropriate Bank Official who signed Corporate Assignments of Mortgage. Vona Bramlage/VP of Accounting and Finance signed Deed of Trusts for the First Franklin **(Exhibit C)** While Steve Barnett/ VP of Mortgage Operations signed Corporate Assignments of Mortgage. **(Exhibit B)**

9. First Franklin did not utilize two page assignments in their business practice this document presentation was NOT one of THEIRS. As stated by the former VP of Accounting and Financing, Ms. Vona Bramlage.

10. First Franklin did no business with Select Portfolio Servicing. They commissioned another company. Thus denying any responsibility for their actions.

**Prohibitions against False and Misleading Representation**

Under ~1692(e) a debt collector may not use any false, deceptive, or misleading representation or means in collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(9) The use or distribution of any written communication which simulates or falsely represented to be a document authorized, issued or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business company, or organization.

**Fraud On The Court By An Officer Of The Court As Basis To Set Aside The Illegal
Foreclosure**

All attorneys are considered as officers of the court. Whenever any officer of the court commits

fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In *Bulloch v.*

*United States, 763 F .2nd 1115, 1121(10th Cir. 1985)*, the court stated "Fraud upon the court is

fraud which is directed to the judicial machinery itself and is not fraud between the parties or

fraudulent documents, false statements of perjury..... It is where a member is corrupted or

influenced or influenced is attempted)"

**"Fraud upon the court"** has been defined by the 7th Circuit Court of Appeals to "embrace that

species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by

officers of the court so that the judicial machinery can not perform in the usual manner its

impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R., 387 F.3d*

*689 (1968); 7 Moore's Federal Practice, 2nd ed., p.512,~p60.23.* The 7th Circuit further stated "a

decision produced by fraud upon the court is not an essence a decision at all, and never

becomes final."

**"Fraud upon the court"** makes void the orders and judgments of that court. It is also clear and

well-settled law that any attempt to commit "fraud upon the court" vitiates the entire proceeding,

*(See In re Village of Willowbrook, 37 Ill. App.2nd 393(1962) ("It is axiomatic that fraud vitiates*

*everything."); Dunham v. Dunham, 57 Ill.App. 475(1894), affirmed 162 Ill. 589(1896); Skelly Oil*

*Co. v. Universal Oil Products Co., 338 Ill. App. 79, 86 N.E.2nd 875, 883-4 (1949)).* Under Federal

Law, when any officer of the court has committed "fraud upon the court", the orders and

judgment of that court are void, of no legal force or effect.

## Fraud On the Court By An Officer Of The Court and The Illegal Foreclosure based on Previous Statement provided in Federal Courts

Debtor believes in the Justice System whereby all parties whether Attorneys or individuals such as myself, self-represented, will not, in any way, grossly file and provide false statements in order to achieve one's end.

The unthinkable has happened the lawyer for the creditor has provided misstatements of facts and inaccurate information to the court and has used a "*Debtors not confining to the rules*" as in the "*362 motion*" to mislead this court into granting an unjust Order.

### (Pro Se Latitude)

To the extent that Debtor did not confine strictly to the rules, the court is supposed to judge the case based on its merits even if procedural errors are made. Therefore, the court must give a Pro Se Debtor, "every favorable inference arising from his Pro Se status" (*Hall v. Dworkin, 829 F. Supp. 1403, 1409(ND NY 1993).*

In responding to the motion Debtor presented evidences of fraud upon the court and was silenced by Federal Judge. "Hostility or Indifference to Rights of Debtor – In Dingus, supra, at 289, it is stated: In an action to set aside a foreclosure sale under a deed of trust, evidence showing that the trustee was hostile and wholly indifferent to any right of the mortgagor warrants setting aside the sale. *Lunsford v. Davis, 254 S.W. 878 (Mo. 1923).*"

Silencing of Debtors rights has been committed. Also, Sheldon May and associates knowingly accepted the "fruits of the fraud". (*Moore v. Pinkert, 28 Ill. App. 2d 320, 333, 171 N.E. 73(1960); Pulphus v. Sullivan, No. 02 C 5794, 2003 U.S. Dist. LEXIS 7080, at \*\*61-62 (N.D. Ill. April 25, 2003)).*

Based on personal ethic and principle, Debtor stands by the motto that the "truth will set him free" or the truth shall prevail. For that matter, Debtor repudiated the fact the lawyer had to result to smear tactics in his May 6th, 2010 motion.

This Court is obligated to carefully scrutinize all filings and pleadings in foreclosure actions, since the unique nature of real property requires contracts and transactions concerning real property in writing. R.C. ~1335.04. The law holds that when a mortgage is assigned, moreover, the assignment is subject to the recording requirements of R.C. ~ 5301.25. *Creager v. Anderson (1934)*.

"Thus, with regards to real property, before an entity assigned an interest in that property would be entitled to receive a distribution from the sale of the property, their interest therein must have been recorded in accordance with the law." In re *Ochmanek, 266 B.R. 114, 120(Bkrtcy.N.D. Ohio 2000)(citing Pinney v. Merchants' National Bank of Defiance, 71 Ohio St. 173, 177(1904).*

This Court possesses the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction. Neither the fluidity of the secondary market, nor monetary or economic considerations of the parties, nor the convenience of the litigants supersede those obligations.

"In federal diversity actions, state law governs substantive issues and federal law governs procedural issues" *Erie R.R. Co. v. Tompkins*, 304 U.S. 63 (1938); *Legg v. Chopra*, 286 F. 3d 286(6 cir.2002); *Gafford v. General Electric Company,* 997 F. 2nd 150, 165-6(6 Cir. 1993).

**Remedies**

If the debt collector is in violation of the FDCPA, he/she may be liable for:(1) any actual damages sustained by the consumer/debtor (including damages for mental distress, loss of employment, etc), and, (2) such additional damages as the court may allow, but not exceeding $1,000.

Debtor is seeking damages against the foreclosure lawyer and the servicing company involved in the mortgage assignment fraud and other deceptive acts and practices.

**Homestead rights and Federal Rule Civil Procedure 60(b)**

Debtor does not in anyway waive his homestead rights *(State, x rel., O'Brien v. Superior Court, 173 Wash. 679, 24 P.2d 117 (1933); State, ex rel., White v. Douglas, 6 Wn.2d 356, 107 P.2d 593 (1940))*. Thus, the illegal foreclosure be vacated under rules allowing vacating judgements, e.g. F.R.Civ.P 60(b)

**Conclusion**

Without the FDCPA and its provisions which prohibit misrepresentation and deceitful conduct by debt collectors, homeowners as a class have little or no recourse against those who choose to lie, cheat and defraud the court, while aided by judges who are complicit in the fraud for turning a blind eye and rubber stamping Orders.

Debtor cannot undo the damages that preceded. The law provides the debtor with rights.

The right to have as precedence, the foreclosure action negated and void any judgment and order rendered.

For that matter; Select Portfolio and its successors[cannot be allowed]:

1. To profit from Fraudulent Practices

2. To continuously defying, trampling and usurping Debtor's rights and the rule of law.

3. To commit "Fraud" upon the court by inducing the court in approving the "illegal foreclosure" and Sale on February 22nd, 2010. (rule 362 not withstanding) (*To the extent that Debtor did not confine strictly to the rules, the court is supposed to judge the case based on its merits even if procedural errors are made. Therefore, the court must give a Pro Se Debtor, "every favorable inference arising from his Pro Se status" (Hall v. Dworkin, 829 F. Supp. 1403, 1409(ND NY 1993).*

Once the court finds a violation of fraud it has no discretion. Any misgivings the creditors may have about the nature of the courts actions regarding the perceived fraud must be addressed by the Congress or the Federal Reserve Board, not the courts.

**Requested Relief**

WHEREFORE, the Debtor respectfully requests:

Grant the Objection to Order of Relief of Stay, Grant Motion to Set Aside the Sale and:

a. To declare that the illegal foreclosure sale is therefore void and unenforceable.

b. To declare that the creditors failure to honor FDCPA; Creditor has no allowable claim in this bankruptcy case;

c. To set aside the sale of Illegal Foreclosure of February 22nd, 2010 and award damages for wrongful foreclosures

d. To vacate the illegal foreclosure under rules allowing vacating judgements, F.R.Civ.P 60(b).

Respectfully Submitted,

*Richard Gordon*

**Richard Gordon 1050 East 226th Street Bronx, New York 10466 ,   Tel; 267-750-9911**
**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**
**Case # 10-10896**

EXHIBIT

A



AFTER RECORDED RETURN TO:
ALTA REAL ESTATE SERVICES, INC.
ATTN: RECONVEYANCE DEPT.
10401 DEERWOOD PARK BLVD.
JACKSONVILLE, FL 32256

RETURN ENVELOPE

2005 DEC 27 AM 9: 43
FILED FOR RECORD
POTTAWATTAMIE CO. IA
JOHN SCIORTINO RECORDER

0004983169

## CORPORATE ASSIGNMENT OF MORTGAGE

**POTTAWATTAMIE COUNTY, IOWA**
**SELLER'S SERVICING#: 30476659 "CHANTRY" FFFC01**
Date of Assignment: 02/07/2003
Assignor: FIRST FRANKLIN FINANCIAL CORPORATION at 2150 N FIRST ST., SUITE 6000
SAN JOSE, CA 95131
Assignee:
Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank
Minnesota, N.A., as Trustee, in trust for registered Holders of First
Franklin Mortgage Loan Trust 2003-FF1, Asset-Backed
Certificates, Series 2003-FF1
10401 Deerwood Park Blvd, Jacksonville, FL 32256

Executed By: ROGER CHANTRY  To: FIRST FRANKLIN FINANCIAL CORPORATION
Mortgage Dated 01/28/2003 and Recorded 01-28-2003  As BOOK: 103 Page: 456 44
In POTTAWATTAMIE COUNTY, IOWA.

Property Address: 2312 4TH AVENUE, COUNCIL BLUFFS, IOWA, 51501

    KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and
NO/100ths DOLLARS and other good and valuable consideration, paid to the above
named Assignor, the receipt and sufficiency of which is hereby acknowledged, the
said Assignor hereby assigns unto the above-named Assignee, the said Mortgage
together with the Note or other evidence of indebtedness (the "Note"), said Note
having an original principal sum of $62,050.00 with interest, secured thereby,
together with all moneys now owing or that may hereafter become due or owing in
respect thereof, and the full benefit of all the powers and of all the covenants
and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property
unto the said Assignee forever, subject to the terms contained in said Mortgage
and Note.

FIRST FRANKLIN FINANCIAL CORPORATION
On    February 07, 2003

By: _Steve Barnett_

STEVE BARNETT/ VP OF MORTGAGE
OPERATIONS

# PLEASE RECORD FIRST

STATE OF California
COUNTY OF Santa Clara

ON February 07, 2003, before me, B. PARK, a Notary Public in and for Santa Clara
County, in the State of California, personally appeared STEVE BARNETT/ VP OF
MORTGAGE OPERATIONS, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity, and that by his/her/their signature on the
instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

WITNESS my hand and official seal,

_BP_

B. PARK
Notary Expires: 06/25/2006  #1362319



B. PARK
Commission # 1362319
Notary Public - California
Santa Clara County
My Comm. Expires Jun 25 2006

(This area for notarial seal)

First Franklin Financial Corp, 2150 N First Street, San Jose, CA 95131
LAG/20030207/0125 GENERIC POTTAWATTAMIE IA BAT: 117/30476659 KAMOR



Page   Corporate Assignment of Mortgage

STATE OF California
COUNTY OF Santa Clara

On the 6th day of February in the year 2003 before me, the undersigned,
personally appeared VONA BRAMLAGE/ VP OF ACCOUNTING AND FINANCE, personally
known to me or proved to me on the basis of satisfactory evidence to be the
individual(s) whose name(s) is(are) subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the instrument,
the individual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument, and that such individual(s) made such
appearance before the undersigned in the County of Santa Clara, State of
California.

_B. Park_
B. PARK
Notary Expires: 06/25/2006   #1362319
State of California, County of Santa Clara

B. PARK
Commission # 1362319
Notary Public - California
Santa Clara County
My Comm. Expires Jun 25, 2006

(This area for notarial seal)

First Franklin Financial Corp, 2150 N First Street, San Jose, CA 95131
LAG/200302050010 GENERIC BRONX NY BAT: 117/30402812 KANYMOR

Recording Requested By:
First Franklin Financial Corp

When Recorded Return To:

FIRST FRANKLIN FINANCIAL CORP
2150 N FIRST STREET
SAN JOSE, CA  95131-

# ORIGINAL

## CORPORATE ASSIGNMENT OF MORTGAGE

**BRONX COUNTY, NEW YORK**
**SELLER'S SERVICING#: 30402812 "GALE" FFFC01**

Date of Assignment: 02/06/2003
Assignor: FFFC F/N/O FIRST FRANKLIN FINANCIAL CORPORATION at 2150 N. FIRST
STREET, SUITE 600, SAN JOSE, CA  95131
Assignee: *Wells Fargo Bank Minnesota, NA as Trustee in Trust for registered Holders of First Franklin Mortgage Loan Trust 2003_FFI Asset Backed Certificates, Series 2003, 3815 South West Temple, Salt Lake City, Utah*

Executed By: DONNA GALE, UNMARRIED  To: FIRST FRANKLIN FINANCIAL
CORPORATION
Mortgage Dated 01/13/2003 and Recorded *March 17, 2003* As *CRFN*:
*2003000049561*  In BRONX COUNTY, NEW YORK.

Section/Block/Lot: 17-4872-68
Property Address:  1050 EAST 226TH STREET, BRONX, NEW YORK, 10466

    This Assignment is not subject to the requirements of Section 275 of
the Real Property Law because it is an assignment within the secondary
mortgage market.

    KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN
and NO/100ths DOLLARS and other good and valuable consideration, paid to
the above named Assignor, the receipt and sufficiency of which is hereby
acknowledged, the said Assignor hereby assigns unto the above-named
Assignee, the said Mortgage together with the Note or other evidence of
indebtedness (the "Note"), said Note having an original principal sum of
$223,200.00 with interest, secured thereby, together with all moneys now
owing or that may hereafter become due or owing in respect thereof, and the
full benefit of all the powers and of all the covenants and provisos
therein contained, and the said Assignor hereby grants and conveys unto the
said Assignee, the Assignor's beneficial interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage and Note, and also the said
property unto the said Assignee forever, subject to the terms contained in
said Mortgage and Note.  IN WITNESS WHEREOF, the assignor has executed
these presents the day and year first above written:

FFFC f/n/o FIRST FRANKLIN FINANCIAL
CORPORATION
On   February 06, 2003

By:   _____
VONA BRAMLAGE/ VP OF ACCOUNTING AND
FINANCE

LAG/20030206/0010 GENERIC BRONX NY BAT: 117 KANYMOR



## CORPORATE ASSIGNMENT OF DEED OF TRUST    #17RUL

**DE SOTO COUNTY, MISSISSIPPI**
**SELLER'S SERVICING#: 30437123 "WALKER" FFFC01**

Prepared By: Diane Ortiz, 2150 N. First Street, San Jose, CA 95131
Date of Assignment: 01/21/2003
Assignor: FIRST FRANKLIN FINANCIAL CORPORATION at 2150 N. FIRST STREET, SUITE 600, SAN JOSE, CA 95131
Assignee:

**Chase Home Finance LLC**
**10790 Rancho Bernardo Rd.**
**San Diego, CA 92127**

Executed By: LARRY C. WALKER, AND HIS WIFE LISA WALKER  To: FIRST FRANKLIN FINANCIAL CORPORATION
Date of Deed of Trust: 01/07/2003
Recorded 1-10-03  As BK: 1637      In DE SOTO COUNTY,
MISSISSIPPI.      PG: 0087 .

Property Address: 3680 CYPRESS PLANTATION, OLIVE BRANCH, MISSISSIPPI, 38654

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of $44,600.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust and Note. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

FIRST FRANKLIN FINANCIAL CORPORATION
On   January 21, 2003

By:
VONA BRAMLAGE/ VP OF ACCOUNTING AND
FINANCE

STATE OF California
COUNTY OF Santa Clara

ON January 21, 2003, before me, B. PARK, a Notary Public in and for Santa Clara County, in the State of California, personally appeared VONA BRAMLAGE/ VP OF ACCOUNTING AND FINANCE, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

B. PARK
Notary Expires: 06/25/2006  #1362319

B. PARK
Commission # 1362319
Notary Public - California
Santa Clara County
My Comm. Expires Jun 25, 2006

(This area for notarial seal)
First Franklin Financial Corp, 2150 N First Street, San Jose, CA 95131

ADDITIONAL
RELEVANT
DOCUMENTS



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2004061601016001002E5102

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

**Document ID:** 2004061601016001    Document Date: 02-06-2003    Preparation Date: 11-11-2004
Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 3    Non-Standard Form Size

| PRESENTER: | RETURN TO: |
|---|---|
| PUBLIC ABSTRACT CORPORATION | PUBLIC ABSTRACT CORPORATION |
| 31 EAST MAIN STREET | 31 EAST MAIN STREET |
| ROCHESTER, NY 14614 | ROCHESTER, NY 14614 |
| 585-760-2020 | 585-760-2020 |
| KCONNORS@PUBLICABSTRACT.COM | KCONNORS@PUBLICABSTRACT.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 4872 | 68 | Entire Lot | 1050 EAST 226 STREET |

Property Type: DWELLING ONLY - 1 FAMILY    Easement

**CROSS REFERENCE DATA**

CRFN: 2003000049561

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| FFFC | WELLS FARGO BANK, |
| 2150 NORTH FIRST STREET SUITE 600 | 3815 SOUTH WEST TEMPLE |
| SAN JOSE, CA 95131 | SALT LAKE CITY, UT 00000 |

x  Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Recording Fee: $ | 79.00 |
| Taxable Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Exemption: | | | NYC Real Property Transfer Tax Filing Fee: | |
| TAXES: County (Basic): | $ | 0.00 | $ | 0.00 |
| City (Additional): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| Spec (Additional): | $ | 0.00 | $ | 0.00 |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed    12-17-2004 14:38
City Register File No.(CRFN):
2004000777740

*Annette M. Hill*
*City Register Official Signature*

14314

ORIGINAL

25

At an IAS Part of the Supreme Court of the
State of New York, held in and for the
County of BRONX at the Courthouse thereof,
located at 851 Grand Concourse, Bronx, New
York 10451, New York , on the ___ day of
_Avgvst_ ,2004.

PRESENT:

HONORABLE: Mark Friedland
                    Justice

FFFC F/N/O/ FIRST FRANKLIN FINANCIAL
CORP.,

                              Plaintiff(s),        Index Number: 28310/03

    -against-                                       Judgment of Foreclosure and Sale

DONNA GALE, FFFC F/N/O FIRST
FRANKLIN FINANCIAL CORP., and CHRIS
TANEIS,
                              Defendant(s)

    On the Summons and Complaint and Notice of Pendency of Action duly filed in this
action, and all proceedings thereon, and on reading and filing the affirmation in support of Judgment
of Foreclosure and Sale and showing that each and all of the defendants herein have been duly served
within this State with the summons in this action, and on the affidavits of service heretofore filed in
the Office of the Clerk of the County from all of which it appears that more than twenty days have
elapsed since each defendant was served; that none of the defendants answered, moved or appeared
with respect thereto, although their time to do so has expired and has not been extended by court
order or otherwise; , so that none of the defendants are entitled to notice hereof; none of the
defendants are infants, incompetents or absentees and, since the filing of the notice of pendency of
this action, the complaint herein has not been amended so as to make new parties defendant to this
action or so as to embrace real property other than that described in the original complaint or so as to
extend the plaintiff's claim against the mortgaged premises, except as provided in the order of
reference; and that the complaint herein and due notice of the pendency of this action containing all
the particulars required to be stated therein were duly filed in the Office of the Clerk of the County,

3

and an Order of Reference having been duly made to compute the amount due to the plaintiff upon the note and mortgage set forth in the complaint and to examine and report whether the mortgaged premises can be sold in parcels, from all of which it appears that this is an action brought to foreclose a mortgage on real property situate in the County where this action was instituted, together with interest as provided in the Note, thereon and the expenditures made by plaintiff, which are now due and payable, as more fully reported by the Referee heretofore appointed herein, and on reading and filing the report of said Referee, by which report, it appears that the sum of $236,541.5 is due, exclusive of counsel fees; and that the mortgaged premises should be sold in one parcel;

On motion of Sheldon May & Associates, P.C., attorneys for the plaintiff it is

ORDERED, that the motion is granted; and it is further

ORDERED, that the caption be amended by substituting "Wells Fargo Bank Minnesota, N.A., as Trustee, in Trust for registered Holders of First Franklin Mortgage Loan Trust 2003_FF1, Asset_Backed Certificates, Series 2003" as the Plaintiff in place and stead of FFFC f/n/o First Franklin Financial Corp. because the mortgage has been further assigned and the Assignment of Mortgage will be recorded in the Bronx County Clerk's Office.

*[handwritten: Judges order Before Document Was filed]*

*[handwritten: Judge Never Saw The Assignment yet Rendered order]*

ORDERED, ADJUDGED AND DECREED that the report of Stanley K. Schein, Esq., Referee, be and same hereby is in all respects ratified and confirmed; and it is further;

ORDERED, ADJUDGED AND DECREED that the mortgaged premises described in the complaint in this action and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction in the Bronx County Supreme Court House located at 851 Grand Concourse, Bronx, New York 10451, in Room B-129 (Ground Floor) at 2:00 p.m. on any weekday except Thursday, by and under the direction of Stanley K. Schein, Esq., who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale in accordance with RPAPL Subsection 231 in

title, interest and equity of redemption in the said mortgaged premises and each of every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser at sale be required to pay all transfer taxes and recording charges imposed by any municipality in recording the transfer documents, in addition to the referee's fee.

ORDERED, ADJUDGED AND DECREED, that said premises to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior mortgage lien(s) of record, if any, and any advances and arrears there under; prior lien(s) of record, if any, except those liens addressed in section 1354 of the RPAPL; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale; and it is further

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

A description of the said mortgaged premises hereinbefore mentioned is annexed hereto and made a part hereof.

See Schedule "A"

ENTER:

J.S.C.    MARK FRIEDLANDER
J.S.C.

Hector L. Diaz    clk
AUG 0  2004



RECEIVED BY
CONSUMER FRAUDS BUREAU

Real Estate Financing Bureau
New York State Office of the Attorney General
120 Broadway
New York, New York 10271
(212) 416-8122 (phone)
(212) 416-8179 (fax)

MAY 0  2010

THE ATTORNEY GENERAL'S OFFICE
NEW YORK CITY OFFICE

**COMPLAINT FORM**
Consumer Hotline For Hearing Impaired
1 (800) 771-7755 TDD (800) 788-9898
http://www.ag.ny.gov

## *Co-Ops, Condos & Homeowners Association Complaint Form*

**Instructions for filing a complaint:**

1. Please type or print clearly
2. Please complete the entire form
3. Please enclose copies of any documents relating to this complaint

1. NAME OR ADDRESS OF BUILDING OR DEVELOPMENT:                    DATE: 5/5/2010

# Richard Gordon

2. Are you a

      (a) tenant            ☐    apt. no. _____
      (b) subtenant         ☐    apt. no. _____
      (c) owner of unit     ☐    apt. no. _____
      (d) offeree of unit   ☐    apt. no. _____

3. If tenant, are you:

      (a) rent-stabilized   ☐
      (b) rent-controlled   ☐
      (c) other (specify)   _____

4. Check the items below that indicate present status of building or development:

      a) ☐  Conversion of occupied residential building
      b) ☐  Cooperative
      c) ☐  Condominium
      d) ☐  Homeowners Association
      e) ☐  Timeshare
      f) ☐  Syndication
      g) ☐  Other (specify)

5.   Complaint Statement :
     Please be as specific as possible. Attach copies of any relevant documents. If necessary attach additional sheets.
Fraudulent Assignment/Violation of Judicial Proceedures/Notary Fraud

Select Portfolio Servicing is using a fraudulent Assignment of Mortgage to attempt to remove me from my home.
The have also violated the Courts proceedural law by not having an assignment prior to the initial filing of lins
penden etc.

I have researched the following:
1. the original true form of assignment of the institution who Select Portfolio has claimed has assignment to my
property and it does not match.
2. the Company that presented the document for registry is commonly known as a Foreclosure Mill where
documents are rutinely fabricated.
3. the Person who is in signature on the assignment was not the employee who was authorized to do Assigmnets
of Mortgage. That was the jurisdiction of the Vice President of Mortgage operations - Steve Barnett.
4. the institution did not submit (2) two page Assignments of Mortgage.
5. 3 valid document exemplars of the institutions documents.
6. notary fraud was committed.
7. filing a faulse document.
8. misleading the court into faulse judgment.
9. causing injury and distress to the homeowner.
It is my desire to settle this matter so that I can go on with my life. I am requesting an investigation and a letter of
such so that can present it to the Bankruptcy Judge Martin Glenn who is presiding over my case.

Attached are the exhjbits to my claims and recent court decisions relative and similar to my complaint.
① Judges Foreclosure order .
② Assignment (fraudulent) ① ⑤ Complainants Note .
③ corporate Assignment exemplors From originating Bank, ② ③ ⑤ Complainants Note .
④ Exemplar of Notary zed Document signed by vona Bromlege.

Note: In order to resolve your complaint we may send a copy of this form to the person or firm about
whom you are complaining.

In filing this complaint, I understand that the Attorney General is not my private attorney, but represents
the public in enforcing laws designed to protect the public from misleading or unlawful business
practices. I also understand that if I have any questions concerning my legal rights or responsibilities at
this time, it is suggested that I contact a private attorney. I have no objections to the contents of this
complaint being forwarded to the business or person against whom the complaint is directed. The above
complaint is true and accurate to the best of my knowledge. False statements made herein are punishable
as a Class A Misdemeanor under Section 175.30 and/or Section 210.45 of Penal Law.

Signature: _Richard Gardener_
Date: May 5th, 2010

Return To:

Real Estate Financing Bureau
New York State Office of the Attorney General
120 Broadway
New York, New York 10271

RETURN COMPLETED FORM TO:
NYS Department of State
Division of Licensing Services
Complaint Review Office
123 William Street, 19th Floor
New York, NY 10038-3804
(212) 417-5790

## *Preliminary Statement of Complaint*

**IMPORTANT:**    **This document is subject to disclosure under the Freedom of Information Law. The person or firm you are complaining about will receive a copy of this complaint.**

**PLEASE PRINT OR TYPE**

NAME (LAST, FIRST, M.I., SUFFIX)
GORDON , RICHARD

ADDRESS NUMBER AND STREET
1050 E 226th ST          BRONX    N.Y.    10466

CITY                              STATE        ZIP+4        COUNTY

HOME TELEPHONE
(267) 750 9911          ( )          BUSINESS TELEPHONE

**TYPE OF BUSINESS YOU ARE COMPLAINING ABOUT:**

- ____ Apartment Information Vendor/Sharing Agent
- ____ Appearance Enhancement
- ____ Armored Car Carrier/Guard
- ____ Athlete Agent
- ____ Barber
- ____ Bedding
- ____ Central Dispatch Facility
- ____ Coin Processor
- ____ Document Destruction Contractor
- ____ Health Club
- ____ Hearing Aid Dispenser/Business
- ____ Home Inspector
- ✓ Notary Public
- ____ Private Investigator, Bail Enforcement Agent & Watch, Guard or Patrol Agency
- ____ Real Estate Appraiser
- ____ Real Estate Broker/Sales
- ____ Security & Fire Alarm Installer
- ____ Security Guard
- ____ Telemarketer Business
- ____ Ticket Reseller
- ✓ Other

**Person and/or firm you are complaining about:**

NAME (LAST, FIRST, M.I., SUFFIX)
SHELDON MAY & ASSOCIATES

ADDRESS NUMBER AND STREET
225 MERRICK ROAD

CITY                              STATE        ZIP+4        COUNTY
Queens     N.Y.

TELEPHONE
( )          —TED ERIC MAY

**Name and address of other people involved in complaint:**

NAME (LAST, FIRST, M.I., SUFFIX)

ADDRESS NUMBER AND STREET

CITY          STATE          ZIP+4          COUNTY

HOME TELEPHONE          BUSINESS TELEPHONE
( )          ( )

RECEIVED
MAY 06 2010
DEPARTMENT OF STATE

NAME (LAST, FIRST, M.I., SUFFIX)

ADDRESS NUMBER AND STREET

CITY          STATE          ZIP+4          COUNTY

HOME TELEPHONE          BUSINESS TELEPHONE
( )          ( )

DOS-1507 (Rev. 8/08)          -OVER-